UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ANTHONY WILLSON,

    Petitioner,

v.

MITCH PERRY,

    Respondent.

                                                  /

Case No. 2:15-cv-11013

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING MOTION TO DISMISS [5],
DISMISSING PETITION FOR WRIT OF HABEAS CORPUS [1],
AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

State prisoner Mark Anthony Willson seeks habeas relief pursuant to 28 U.S.C. § 2254. He challenges his convictions on three counts of criminal sexual conduct ("CSC"). Before the Court is Respondent's motion to dismiss the petition as untimely filed. For the following reasons, the Court will grant the motion, and dismiss the petition.

**BACKGROUND**

Willson was charged with four counts of first-degree CSC and one count of third-degree CSC. The charges arose from allegations that Willson sexually abused his adopted stepdaughter for a period of years. Willson was tried before a jury in Bay County Circuit Court. The prosecutor dismissed one of the first-degree CSC counts during trial, and on September 26, 2008, the jury found Willson guilty of two counts of first-degree CSC, Mich. Comp. Laws § 750.520b(1)(b), and one count of third-degree CSC, Mich. Comp. Laws § 750.520d(1)(d). The jury acquitted Willson of the remaining first-degree CSC count. On December 1, 2008, the trial court sentenced Willson to concurrent prison terms of 18 years and nine months to 30 years for the first-degree CSC convictions, and 10 to 15 years for the third-degree CSC conviction.

Willson appealed his convictions on several grounds: (1) that he was not provided sufficient notice of the charges against him, and the trial court denied his motions for a bill of particulars; (2) the prosecutor committed misconduct by arguing matters not supported by the evidence; and (3) additional issues regarding the scoring of the state sentencing guidelines. The Michigan Court of Appeals affirmed Willson's conviction and his sentence for third-degree CSC, but remanded his case for re-sentencing on the first-degree CSC convictions. *See* ECF No. 6-25. Willson raised the issues regarding notice of the charges and the prosecutor's conduct in an application for leave to appeal to the Michigan Supreme Court, and the Supreme Court denied the application on May 25, 2010. *See* ECF No. 6-26.

At a re-sentencing hearing on May 10, 2010, the trial court imposed the same sentence of 18 years and nine months to 30 years for the first-degree CSC convictions. Willson appealed his new sentence. On August 17, 2011, while that appeal was pending, he filed a motion for relief from judgment in which he alleged that the prosecutor committed misconduct, the trial court committed an evidentiary error, and his appellate counsel was ineffective. These issues now constitute Willson's grounds for habeas relief.

The Michigan Court of Appeals affirmed Willson's re-sentence, *see* ECF No. 6-27, and on April 23, 2012, the trial court dismissed Willson's motion for relief from judgment because the court thought Willson's appeal from his re-sentencing was still pending in the Michigan Supreme Court. *See* ECF No. 6-17. But that same day, the Michigan Supreme Court denied Willson application for leave to appeal his re-sentencing. *See* ECF No. 6-28.

On May 3, 2012, Willson filed another motion for relief from judgment, raising the same three issues that he presented to the trial court in his first motion for relief from judgment. The trial court held a hearing on Willson's motion and denied it. *See* 8/23/12 Tr.

22–26, ECF No. 6-21; *see also* Am. Order, ECF No. 6-20. Willson appealed the trial court's decision, but the Michigan Court of Appeals denied leave to appeal "for failure to meet the burden of establishing entitlement to relief under [Michigan Court Rule] 6.508(D)." Order 1, ECF No. 6-29. On December 23, 2013, the Michigan Supreme Court denied Willson's application for leave to appeal for the same reason. *See* ECF No. 6-30.

On January 7, 2014, Willson filed a pro se motion for judgment notwithstanding the verdict. *See* ECF No. 6-22. He argued that he was convicted of first-degree CSC on the incorrect assumption that the victim was his blood relative. On March 20, 2014, the trial court denied the motion after concluding that it was a successive motion for relief from judgment, and thus barred by Michigan Court Rule 6.502(G). *See* ECF No. 6-23. On April 7, 2014, the trial court denied reconsideration. *See* ECF No. 6-24.

On March 17, 2015, Willson filed the instant habeas petition on the following grounds: (1) the prosecutor engaged in severe outcome-determinative misconduct during trial; (2) the trial court admitted improper opinion testimony, which impermissibly bolstered the complaining witness's credibility; and (3) his appellate counsel, on direct appeal, failed to raise critical issues and neglected to properly raise other issues that would have been outcome-determinative.

## DISCUSSION

I. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year period of limitation for state prisoners to file a federal habeas corpus petition. *Wall v. Kholi*, 562 U.S. 545, 550 (2011) (citing 28 U.S.C. § 2244(d)(1)). The period runs from the latest of the following four dates:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). "AEDPA also contains a tolling provision, which specifies that '[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.'" *Holbrook v. Curtin*, 833 F.3d 612, 615 (6th Cir. 2016) (quoting 28 U.S.C. § 2244(d)(2)).

II.     <u>Application</u>

Willson is not relying on a new constitutional right or on newly discovered facts, and he has not alleged that the State created an impediment to filing a timely habeas petition. Therefore, the statute of limitations began to run when Willson's conviction became final under 28 U.S.C. § 2244(d)(1)(A), that is, at "the conclusion of direct review or the expiration of the time for seeking such review." *Id.*

> For petitioners who pursue direct review all the way to [the Supreme] Court, the judgment becomes final at the "conclusion of direct review"—when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires.

*Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). A petition for writ of certiorari to review a judgment entered by a state court of last resort must be filed in the United States Supreme Court within 90 days after entry of the judgment. Sup. Ct. R. 13.1.

Willson did not apply for a writ of certiorari in the Supreme Court following his re-sentencing, and the deadline for doing so expired on July 22, 2012, 90 days after April 23, 2012, when the Michigan Supreme Court denied Willson leave to appeal his re-sentencing. At that point, Willson's direct appeals ended, his convictions became final, and his judgment of sentence became final. *See Rashad v. Lafler*, 675 F.3d 564, 569 (6th Cir. 2012) (concluding that the petitioner's judgment became final "upon the conclusion of direct review of the new sentence he received at resentencing").

But at the time, Willson's second motion for relief from judgment was pending in the state trial court. Review of that motion concluded on December 23, 2013, when the Michigan Supreme Court denied Willson leave to appeal the trial court's denial of the motion. The statute of limitations was not tolled during the time that Willson could have appealed to the United States Supreme Court following the Michigan Supreme Court's denial of Willson's post-conviction motion, which marked the conclusion of state collateral review of Willson's convictions. *Lawrence v. Florida*, 549 U.S. 327, 329, 332 (2007). Consequently, the statute of limitations began to run on December 24, 2013 and expired on December 23, 2014. Willson filed his habeas petition on March 17, 2015, 84 days later.

Although Willson filed a motion for judgment notwithstanding the verdict in 2014 after the statute of limitations began to run, the trial court denied the motion as a second or successive motion for relief from judgment under Michigan Court Rule 6.502(G). Accordingly, the motion was not "properly filed," and did not toll the limitations period under

5

28 U.S.C. § 2244(d)(2). *Williams v. Birkett*, 670 F.3d 729, 736 (6th Cir. 2012). Thus, Willson's habeas petition was untimely filed.

III.    Willson's Arguments

    A.    Rule 5

Willson claims that Respondent's motion is inconsistent with Rule 5 of the Rules Governing Section 2254 Cases, which requires that the answer to the petition "address the allegations in the petition . . . [and] state whether any claim in the petition is barred by . . . a statute of limitations." Because Respondent did not address the merits of Willson's claims, he contends that Respondent did not follow the proper course of action.

But Rule 4 states that, "[i]f the petition is not [summarily] dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Upon initial review of Willson's habeas petition, the Court declined to summarily dismiss the habeas petition and ordered Respondent to respond to the petition. Respondent complied by filing the instant motion to dismiss. Respondent was not required to address the merits of Willson's claims because it is Respondent's position that substantive review of Willson's claims is barred by his failure to comply with the statute of limitations. The Court therefore declines to deny the motion to dismiss on the basis that the motion is inconsistent with Rule 5.

    B.    Timely Petition

Next, Willson claims his petition is timely because the limitations period did not begin to run until 90 days after the Michigan Supreme Court denied leave to appeal. *See Gonzalez*, 565 U.S. at 150 (stating that, for petitioners who do not seek a petition for the writ of certiorari in the Supreme Court "the judgment becomes final at the 'expiration of the

time for seeking such review'—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires"). The Court applied this rule here by stating that Willson's convictions became final on July 22, 2012, 90 days after April 23, 2012, when the Michigan Supreme Court denied leave to appeal Willson's re-sentencing.

Willson's second motion for relief from judgment was pending in the trial court on July 22, 2012. Consequently, the Court tolled the limitations period under 28 U.S.C. § 2244(d)(2) until December 23, 2013, when the state courts concluded their review of Willson's motion. Under *Lawrence*, Willson was not entitled to further tolling for the 90 days during which he could have applied for a writ of certiorari in the United States Supreme Court following state collateral review. Contrary to Willson's assertions, his habeas petition was untimely: he filed the petition more than a year after December 23, 2013.[1]

C. Equitable Tolling

Finally, Willson urges the Court to equitably toll the limitations period. He maintains that he has pursued his rights diligently and his direct appeal was unique and complex: there was one appellate track challenging his convictions and initial sentence, and another challenging his re-sentencing. He claims there was confusion about the due date for his habeas petition, and any error in calculating the due date is the result of attorney error. He argues that equitable tolling would not affect the substance of his claims and that Respondent would not be prejudiced if the Court equitably tolled the limitations period.

Willson is entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and

---

[1] Willson concedes that his 2014 motion for judgment notwithstanding the verdict did not toll the limitations period. *See* Resp. 11, ECF No. 7.

prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation omitted); *see also Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749–50 (6th Cir. 2011).

Willson could have filed his petition in late December 2013 after the Michigan Supreme Court denied leave to appeal the trial court's decision on his second motion for relief from judgment. Instead, he filed another post-judgment motion in state court. After the trial court denied his motion and request for reconsideration, Willson waited almost a year to file his habeas petition. He was not diligent in pursuing his rights.

Willson nevertheless states that any error in calculating the due date for his petition is the fault of his attorney. But the principles of equitable tolling "do not extend to what is at best a garden variety claim of excusable neglect," *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990), and

> [g]enerally an attorney's misunderstanding of a filing deadline is not grounds for equitable tolling. *See* [*Holland*, 560 U.S. at 649] ("[S]imple 'miscalculation' that leads a lawyer to miss a filing deadline' does not warrant equitable tolling."); *Lawrence v. Florida*, 549 U.S. 327, 336-37, 127 S. Ct. 1079, 166 L.Ed.2d 924 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling."); *Jurado v. Burt,* 337 F.3d 638, 644 (6th Cir. 2003) ("Generally, a lawyer's mistake is not a valid basis for equitable tolling.") (internal quotation marks and citation omitted).

*Giles v. Beckstrom*, 826 F.3d 321, 325–26 (6th Cir. 2016), *pet. for cert filed*, No. 16-6909 (U.S. Oct. 20, 2016). Thus, the error by Willson's attorney is not sufficient grounds for equitable tolling. *See id.*; *accord Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005) ("[A]ttorney error is an inadequate justification for equitable tolling."); *Whalen v. Randle*, 37 F. App'x 113, 119–20 (6th Cir. 2002) (stating that an attorney's mistake generally is not a valid basis for equitable tolling and thus the petitioner did not qualify for equitable tolling based on his attorney's improper advice about the filing deadline for a habeas petition);

*Elliott v. Dewitt*, 10 F. App'x 311, 313 (6th Cir. 2001) ("[A]n attorney's mistake which results in missing the filing deadline imposed by the AEDPA is not a basis for equitable tolling.").

As *Holland* demonstrates, an attorney's egregious misconduct could create an extraordinary circumstance warranting equitable tolling. 560 U.S. at 651. But the *Holland* attorney failed to (1) file the habeas petition on time despite the petitioner's many letters emphasizing the importance of doing so, (2) perform the research necessary to determine the proper filing date despite the petitioner's letters identifying the applicable legal rules, (3) inform the petitioner in a timely manner that the state supreme court had decided his case, and (4) communicate with the petitioner over a period of years despite the petitioner's pleas for a response to his letters. *Id.* at 562. No similar showing has been made here. The Court therefore declines to equitably toll the limitations period.

    D.    Actual Innocence

Actual innocence, if proved, serves as a gateway through which habeas petitioners may pass when the impediment to consideration of the merits of their constitutional claims is expiration of the statute of limitations. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). But Willson does not claim to be innocent, and "AEDPA's time limitations apply to the typical case in which no allegation of actual innocence is made." *Id.* at 1933. And either way, "tenable actual-innocence pleas are rare." *Id.* at 1928 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Willson has not presented the Court with any new evidence in support of a claim of actual innocence. Therefore, even though he maintained his innocence throughout the state-court proceedings, he is not entitled to pass through the "actual innocence" gateway here and have his claims heard on the merits.

### CERTIFICATE OF APPEALABILITY

Willson may not appeal the Court's order dismissing his habeas petition without a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, a district court rejects a habeas petition on procedural grounds without reaching the merits of the petitioner's underlying claims, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Reasonable jurists would not find the Court's ruling debatable, and would not find it debatable whether Willson states a valid claim of the denial of a constitutional right. The Court therefore declines to issue a COA.

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that Respondent's Motion to Dismiss [5] is **GRANTED** and the Petition for Writ of Habeas Corpus [1] is **DENIED** as untimely.

**IT IS FURTHER ORDERED** that the matter is **DISMISSED WITH PREJUDICE**, and a Certificate of Appealability is **DENIED**.

**SO ORDERED.**

Dated: February 21, 2017        s/Stephen J. Murphy, III
                                STEPHEN J. MURPHY, III
                                United States District Judge

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 21, 2017, by electronic and/or ordinary mail.

                                s/David P. Parker
                                Case Manager